**Hearing Date:  March 13, 2019**
**Hearing Time:  10:00 a.m.**
**Location: Courtroom #1, Phila., PA**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: | : | CHAPTER 7 |
| | : | |
| MICHAEL J. and NICOLE M. SCHULTZ, | : | BANK. NO.  18-18072-ELF |
| | : | |
| Debtors. | : | |

## ACTING UNITED STATES TRUSTEE'S MOTION TO DISMISS
## PURSUANT TO 11 U.S.C. § 707(b)

The Acting United States trustee for Region 3 (the "U. S. trustee"), by and

through counsel, in furtherance of the administrative responsibilities imposed under 28 U.S.C.

section 586(a), moves for the entry of an order dismissing this case pursuant to 11 U.S.C. §

707(b)(1).  In support of his Motion, the U. S. trustee represents as follows:

### A.    BACKGROUND

1.    Michael J. and Nicole M. Schultz ("Debtors") commenced this case by

filing a voluntary petition (the "Petition") under chapter 7 of the United States Bankruptcy Code

on December 6, 2018 (the "Petition Date").  Dkt. No. 1.

2.    The Debtors state on their Petition that their debts are primarily consumer

debts.  *Id*. at p. 6.

3.    The Debtors filed their Schedules and Statement of Financial Affairs

(SOFA) on the same date, Dkt. No. 1, as well as other required documents including Form 122A-

1, their Statement of Current Monthly Income.  Dkt. No. 4.

4.    The following day the Debtors filed an amended Statement of Current

Monthly Income.  Dkt. No. 11.  Both the original and amended Statement of Current Monthly

Income show that the Debtors' income is below the state median income for a household of similar size.

5.     No other amendments to the Schedules or any other required documents have been filed to date, with the exception of an amended Declaration regarding the Debtors' Schedules to change the date on which the Schedules were signed.  Dkt. No. 12.

6.     The Meeting of Creditors pursuant to 11 U.S.C. § 341(a) (the "Creditors' Meeting") was scheduled on January 7, 2019.  The Debtors appeared and testified, and the Creditors' Meeting was concluded the same day.  *See*, Dkt. Entry dated 1/8/2019.

7.     The deadline for filing a motion to dismiss under 11 U.S.C. § 707(b) is March 8, 2019.  Dkt. No. 8.  Accordingly, the present motion was timely filed.

8.     The Debtors list two debts on Schedule D; a car loan in the amount of $3,387 secured by a 2004 Ford F150, and a mortgage on their home in the amount of $218,664. Dkt. No. 1, pp. 18-19.

9.     The Debtors list several unsecured non-priority debts on Schedule E/F totaling $36,751.67, all of which appear to be consumer debts.  Dkt. No. 1, pp. 20-23.

10.     As it appears the Debtors are individuals and the majority of their scheduled debts are consumer debts, the U. S. trustee avers the provisions of section 707(b) are applicable to this case.

## B.     DISMISSAL UNDER SECTION 707(b)(3)

11.     As stated above, the Debtors' income is below the state median income for a household of similar size and, therefore, a presumption of abuse does not arise in this case. The U. S. trustee does not dispute this statement for purposes of his Motion.  However, as more

fully set forth below, the U. S. trustee asserts the granting of relief in this case is an abuse of the

provisions of chapter 7 based on the totality of the circumstances of the Debtors' financial

situation and, accordingly, requests dismissal pursuant to § 707(b)(3).

12.    The Debtors state on Schedule I that Mr. Schultz is employed as a

FillTech3 with Air Liquide Chemicals, where he has worked for nine years.  Ms. Schultz is

employed as a high school teacher with the Neshaminy School District where she has worked for

five years.  Dkt. No. 1, pp. 26-27.  Mr. Schultz receives gross monthly income in the amount of

$6,781.51, with net income of $3,846.52, after deducting taxes of $1,196.84, voluntary

contributions to a retirement plan of $986.01, medical insurance of $723.05, and disability and

life insurance of $29.09.  *Id*.  Ms. Schultz receives monthly gross income of $2,491.27, with net

income of $1,822.02 after deducting taxes of $669.25.  *Id*.  The Debtors' combined monthly net

income is $5,668.54.  *Id*.

13.    The Debtors list total monthly household expenses on Schedule J of

$5,664.70, resulting in monthly disposable income of $3.84, and the apparent ability to pay their

unsecured creditors less than one percent of their claims over time.  Dkt. No. 1, pp. 28-29.

14.    Section 707(b)(3) provides that when considering whether the granting of

relief is an abuse of the provisions of chapter 7 in a case in which the presumption of abuse

under § 707(b)(2) does not arise, or is rebutted, the court shall consider whether the debtor filed

the petition in bad faith, or the totality of the circumstances of the debtor's financial situation

demonstrates abuse.

15.    The U. S. trustee avers that the totality of the circumstances of the

Debtors' financial situation demonstrates abuse in this case when Mr. Schultz's voluntary

3

retirement plan contributions are disallowed, resulting in the Debtors' ability to repay all of their

unsecured debt in approximately 37 months.

16.    Prior to the enactment of BAPCPA, voluntary contributions to retirement

plans and the repayment of loans from such plans were regarded as factors tending to show

substantial abuse under section 707(b).  *Anes v. Dehart (In re Anes)*, 195 F.3d 177, 180-81

(1999) (holding voluntary retirement plan contributions are not necessary for maintenance or

support).  Post BAPCPA, some courts have disallowed retirement plan contributions as an

expense in the analysis of the totality of a debtor's financial situation.  *In re Zaporski*, 366 B.R.

758, 773 (Bankr. E.D. Mich. 2007).  Other courts have adopted a case by case approach,

determining whether retirement plan contributions are reasonable and necessary based on the

debtor's unique circumstances by considering factors including:  the debtor's age and number of

years before retirement; the debtor's annual income; the debtor's overall budget; the amount of

monthly contributions; the needs of any dependents; and other relevant factors.  *In re

Beckerman*, 381 B.R. 841, 848 (Bankr. E.D. Mich. 2008).

17.    Here, Mr. Schultz makes voluntary contributions of nearly fifteen percent

of his gross income to his retirement plan each month.  It does not appear that either of the

Debtors are nearing retirement age.  Their overall budget appears reasonable, with the exception

of the possible over withholding of federal income taxes which, upon information and belief,

resulted in a tax refund of over $4,800 for 2017, and an anticipated refund of over $4,000 for

2018, which may provide additional funds for the repayment of the Debtors' unsecured debt.

18.    Based on the above, the totality of the circumstances of the Debtors'

financial condition demonstrates abuse given the Debtors' apparent ability to repay a significant

4

percentage of their unsecured debt over time, among other things.  See, *In re Jensen*, 407 B.R. 378, 383-84 (Bankr. C.D. Cal. 2009) (noting that a majority of courts hold that "the plain language of section 707(b)(3) permits consideration of a debtor's ability to pay." (Citations omitted)); *In re O'Brien*, 373 B.R. 503, 506 (Bankr. N.D. Ohio 2007) ("This Court has observed, as has others, that § 707(b)(3) is best understood as a codification of pre-BAPCPA case law. Under pre-BAPCPA law, a debtor's ability to pay was a primary consideration in any § 707(b) analysis.").

## C.    CONCLUSION AND REQUEST FOR RELIEF

For the reasons set forth above, among others, the U. S. trustee asserts that the granting of relief in the present case constitutes abuse under section 707(b)(3) of the Code. Accordingly, the U. S. trustee respectfully requests that the Court enter an order dismissing this case.  The U. S. trustee reserves the right to supplement his Motion prior to or at the time set for the hearing thereon.

DATED this    day of February, 2019.

ANDREW R. VARA
Acting United States trustee

By:   */s/ Dave P. Adams*
    Dave P. Adams
    Trial Attorney
    833 Chestnut Street, Suite 500
    Philadelphia, Pennsylvania  19107
    (215) 597-4411
    (215) 597-5795
    dave.p.adams@usdoj.gov